UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROXANNE HANCOCK on behalf of herself and all others similarly situated,<br><br>     Plaintiff(s),<br><br>-against-<br><br>I.C. SYSTEM, INC., and JOHN DOES 1-25,<br><br>     Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROXANNE HANCOCK (hereinafter "HANCOCK") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, I.C. SYSTEM, INC (hereinafter "IC"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## **DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff, HANCOCK, is a natural person and a resident of New York County, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. IC is a foreign corporation with its principal place of business located at 444 Highway 96 East, PO Box 64378, St. Paul, Minnesota 55164-0378.

8. Upon information and belief, Defendant IC uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant IC is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from HF which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

> All New York State consumers who were sent initial collection letters and/or notices from IC, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

21. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22. On or before May 9, 2021, Plaintiff allegedly incurred a financial obligation to SPECTRUM.

23. The SPECTRUM obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The SPECTRUM obligation arose out of a transaction, which was for non-business purposes.

25. SPECTRUM is a "creditor" as define by 15 U.S.C. § 1692a(4).

26. The SPECTRUM obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

27. Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28. On or before May 9, 2021, SPECTRUM placed and/or referred the SPECTRUM obligation with IC for the purpose of collection.

29. At the time SPECTRUM placed and/or referred the SPECTRUM obligation with IC for the purpose of collection, such obligation was past due.

30. At the time SPECTRUM placed and/or referred the SPECTRUM obligation with IC for the purpose of collection, such obligation was in default.

31. On or about May 9, 2021, IC caused to be mailed to HANCOCK a letter concerning the SPECTRUM obligation. A copy of said letter is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

32. The May 9, 2021 letter stated, in part:



```
ACCOUNT SUMMARY

Creditor:                      Spectrum
Account No.:                   8150110025349943
I.C. System Reference No.:     246823500-1-29

BALANCE DUE:          $59.00
```

33. The May 9, 2021 letter further stated, in part:

> Your delinquent account has been turned over to this collection agency. Spectrum is both the original and current creditor to whom this debt is owed.
>
> The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

34. The May 9, 2021 letter further stated, in part:

> NOTICE
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

35. Upon receipt, HANCOCK read the May 9, 2021 letter.

36. As of May 9, 2021, HANCOCK did not owe SPECTRUM $59.00.

37. As of May 9, 2021, HANCOCK did not owe SPECTRUM $50.00.

38. As of May 9, 2021, HANCOCK did not owe SPECTRUM $35.00.

39. As of May 9, 2021, HANCOCK did not owe SPECTRUM $20.00.

40. As of May 9, 2021, HANCOCK did not owe SPECTRUM $10.00

41. As of May 9, 2021, 2021 HANCOCK owed SPECTRUM an amount less than $59.00.

42. Upon information and belief, members of the class have made payments, which were not due and owing.

43. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, IC sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

44. IC's actions as described herein are part of a pattern and practice used to collect consumer debts.

45. IC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46. It is IC's policy and practice to send initial written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

    a. Falsely representing the character, amount, or legal status of any debt;

    b. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

    c. Failing to accurately state the amount of the alleged debt;

    d. Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

e. Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(4);

g. Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

h. Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

i. Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

j. Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

k. Causing consumers to suffered a risk of economic injury.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e et seq.**

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length herein.

48. Collection letters and/or notices such as those sent by IC are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. IC violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

50. IC violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

51. HANCOCK suffered an informational injury due to IC's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

52. HANCOCK suffered a risk of economic injury due to IC's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

53. 15 U.S.C. § 1692e(2)(A) states that a debt collector may not falsely represent the …amount…of any debt.

54. By including an amount of a debt that HANCOCK did not owe in its May 9, 2021 letter, IC falsely represented the amount of the debt to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(2)(A).

55. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

56. By including an amount of a debt that HANCOCK did not owe in its May 9, 2021 letter, IC falsely represented the amount of the debt to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(10).

57. By stating in the May 9, 2021 letter "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" IC used false representations or deceptive means to collect a debt, to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(10) since IC failed to further state that if HANCOCK disputes the debt within

"…the time period described in the notice below" then, pursuant to 15 U.S.C. § 1692e(8) IC must report the account to the national credit reporting agencies as disputed.

58. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e. *See Good v. Nationwide Credit, Inc.,* 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014) *cited by Leonard v Capital Mgmt. Servs.,* F. Supp. 3d 198, 205-206 (W.D.N.Y. 2019); *Velez v Enhanced Recovery Co., LLC*, 2016 U.S. Dist. 57832 (E.D. Pennsylvania, May 2, 2016); *Foti v NCO Fin. Systems, Inc.*, 424 Supp. 2d. 643, 662-664 (S.D.N.Y. 2006)

59. The May 9, 2021 letter can be read to have two or meanings, one of which is inaccurate: (1) IC will submit HANCOCK's account information to the credit reporting agencies and not marked disputed even if HANCOCK disputes the debt within "the time period described in the notice below" or, (2) IC will submit HANCOCK's account information to the credit reporting agencies and marked disputed if HANCOCK disputes the debt within "the time period described in the notice below".

60. The May 9, 2021 letter is misleading because the instructions can be read to have two or more meaning, one of which is inaccurate.

61. IC is not obligated or required to inform the consumer that her/his account will be reported to the national credit reporting agencies.

62. If IC chooses to make such a disclosure, then it is obligated to do so accurately.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692g et seq.**

63. Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length herein.

64. IC violated 15 U.S.C. § 1692g et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

65. HANCOCK suffered an informational injury due to IC's violation of 15 U.S.C. § 1692g of the FDCPA in connection with its communications to HANCOCK.

66. HANCOCK suffered a risk of economic injury due to IC's violation of 15 U.S.C. § 1692g of the FDCPA in connection with its communications to HANCOCK.

67. 15 U.S.C. § 1692g(a) states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication …send the consumer a written notice contain the

   (1) amount of the debt;

   ***

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector…

68. Section 1692g(b) states that following, in part: "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

69. HANCOCK suffered an informational injury due to IC's violation of 15 U.S.C. § 1692g(a) of the FDCPA in connection with its communications to HANCOCK.

70. HANCOCK suffered a risk of economic injury due to IC's violation of 15 U.S.C. § 1692g(a) of the FDCPA in connection with its communications to HANCOCK.

71. By including an amount of a debt that HANCOCK did not owe, IC failed to provide the proper notice to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692g(a)(1).

72. IC violated 15 U.S.C. §§1692g(a)(3) 1692g(a)(4) by stating in the May 9, 2021 letter, "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" which overshadows and is inconsistent with Plaintiff's right to dispute the debt.

73. IC violated 15 U.S.C. §§1692g(a)(4) 1692g(a)(4) by stating in the May 9, 2021 letter, "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" which overshadows and is inconsistent with Plaintiff's right to dispute the debt.

74. IC is not obligated or required to inform the consumer that her/his account will be reported to the national credit reporting agencies.

75. If IC chooses to make such a disclosure, then it is obligated to do so accurately.

76. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

77. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

78. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

79. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

80. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

81. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against IC as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 22,, 2021

/s/ *Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

/s/ *Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

*Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ *Joseph K. Jones*
Joseph K. Jones

# Exhibit

# A

**IC System**

**ACCOUNT SUMMARY**

Creditor: Spectrum
Account No.: ███████943
I.C. System Reference No.: ███████-1-29

# COLLECTION NOTICE

**BALANCE DUE:** $59.00

5/9/2021

Roxanne Hancock:

Your delinquent account has been turned over to this collection agency. Spectrum is both the original and current creditor to whom this debt is owed.

The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

Sincerely,
Barbara Miller

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

New York law requires the following notice: In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to (i) the use or threat of violence, (ii) the use of obscene or profane language, and (iii) repeated phone calls made with the intent to annoy, abuse or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: Supplemental security income (SSI) / Social Security / Public Assistance (Welfare) / Spousal Support, Maintenance (Alimony) or Child Support / Unemployment Benefits / Disability Benefits / Workers' Compensation Benefits / Public or Private Pensions / Veterans' Benefits / Federal Student Loans / Federal Student Grants / Federal Work Study Funds / 90% of your wages or salary earned in the last 60 days.

New York City Department of Consumer Affairs License No. 0908324 and 1266437

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

**$ YOU HAVE OPTIONS**

- For questions or payment please go to: https://www.icsystem.com/consumer
- Mail check or money order payable to I.C. System, Inc. with coupon below
- Call Toll-Free at 800-375-0888

See reverse side for important information

---

P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

☐ Address Changed?
STREET _____
CITY _____ STATE ___ ZIP _____
Billing Phone Number _____


ROXANNE HANCOCK
███████
NEW YORK NY ███████

**BALANCE DUE:** $59.00

I.C. System Reference No.: ███████-1-29

Pay Online at
https://www.icsystem.com/consumer

MAKE CHECK OR MONEY ORDER PAYABLE TO

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL MN 55164-0378

000012█