*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

Reply to: New York



Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

---

This matter has been referred by separate order to Magistrate Judge Lehrburger for resolution of all pretrial matters. The parties shall raise these issues before Judge Lehrburger.

SO ORDERED.

_____
Hon. Ronnie Abrams
01/20/2022

---

January 14, 2022
ELECTRONICALLY FILED

Hon. Ronnie Abrams, USDJ
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Hancock v. I.C. System, Inc.*
      1:21-cv-07085 (RA)

Your Honor:

Pursuant to Section 3 of Your Honor's Individual Rules & Practices in Civil Cases"[1], I submit this letter motion on behalf of Plaintiff and the putative class for a protective order under Fed. R. Civ. P. §26(a)(1) to adjourn Plaintiff's deposition scheduled for Tuesday, January 25, 2022 until the current discovery dispute has been resolved[2], and certain non-party discovery issues are resolved[3]. No prior request has been made, Plaintiff can establish the requisite "good cause", and Defendant can show no prejudice. See Fed. R .Civ. P. §26(a)(1); *Williams v Rushmore Loan Mgmt. Servs. LLC.*, 2016 U.S. LEXIS 22807, *8 (D. Connecticut February 16, 2016) In addition, the parties met and conferred regarding the discovery dispute and deposition adjournment issue on Friday, January 7, 2022, via telephone, for approximately thirty minutes as well as through email communications today. Supra FN1

---

[1] https://www.nysd.uscourts.gov/sites/default/files/practice_documents/Judge%20Abrams%20-%20Individual%20Rules%20of%20Practice%20in%20Civil%20Cases.pdf (*last visited January 14, 2022*)

[2] Plaintiff's December 23, 2021 letter to Defendant is annexed as **Ex. A**. Defendant's responses to Plaintiff's interrogatories, document demands and admissions are annexed as **Ex. B**. Non-Party Charter Communications' ("Charter") January 4, 2022 letter to Plaintiff's Counsel and the corresponding subpoena *duces tecum* are annexed as **Ex. C**. Upon information and belief, Spectrum is a brand of Charter. [ECF No. 1, ¶22-26]; see https://corporate.charter.com/about-charter (*last visited January 14, 2022*)

[3] Should the Court require, Plaintiff can make a separate application regarding a potential motion to compel and Defendant's discovery deficiencies pursuant to Fed. R. Civ. P. §37 as well as a corresponding request for an extension of the fact discovery deadline [ECF No. 12]

By way of background, Plaintiff commenced this action alleging Defendant violated 15 U.S.C. 1692 *et seq.*, the Fair Debt Collection Practice Act ("FDCPA") based on a form debt collection letter. [ECF No. 1] On October 13, 2021, this Court entered its Case Management Plan and Scheduling Order. [ECF No. 12]. Since that time the parties have been diligently prosecuting this matter by responding to paper discovery demands as well as Plaintiff's served a non-party subpoena *duces tecum* to Charter, which Charter responded to on January 4, 2022. **Ex. B**, **Ex. C**. In addition, on December 2, 2021, Defendant noticed Plaintiff's ZOOM deposition for January 25, 2022. Furthermore, on December 23, 2021, and pursuant to Section 3 of Your Honor's Individual Rules & Practices in Civil Cases, Plaintiff notified Defendant of various discovery deficiencies. **Ex. A**; **Ex. B**

On January 7, 2022, the parties attempted to resolve the discovery dispute based on Defendant's discovery responses; however, the only resolution involved Defendant's subsequent production of a privilege log and that they would Bates Stamp their document production[4]. **Ex. A**; **Ex. B** Defendants will not be supplementing their responses nor will agree to adjourn Plaintiff's deposition on January 25, 2022 (they have agreed to adjourn Defendant's deposition scheduled for January 26, 2022). In addition, on January 10, 2022, Plaintiff's Counsel spoke with Charter's Counsel via telephone, and are in the process of working to resolve the subpoena *duces tecum*. **Ex. C**.

As set forth in Plaintiff's December 23, 2021 deficiency letter (**Ex. A**) coupled with Defendant's responses (**Ex. B**), and amongst other discovery issues, Plaintiff can establish the requisite "good cause" under Fed. R .Civ. P. §26(a)(1) as Defendant's failed to produce audio recordings (and answer corresponding discovery demand responses) between the parties (despite the fact that Plaintiff already proved that, at least, one exists by disclosing a voicemail[5]) as well as the underlying agreement between the creditor and debt collector. **Ex. A**, pp. 2-3 (responses to Admissions 59-60, responses to document demand 21)[6]. Moreover, Plaintiff is working with Charter to potentially obtain any/all documents between Plaintiff and Charter related to the subject debt. **Ex. C**. Accordingly, Plaintiff's deposition should be adjourned until these discovery issues and/or all of the discovery deficiencies raised by Plaintiff in their December 23, 2021 letter, and the Charter subpoena are resolved. Defendants can show no prejudice by a corresponding adjournment of Plaintiff's ZOOM deposition.

Thank you for your special attention to this matter. Should you have any further questions please do not hesitate to contact me.

Respectfully submitted,
*/s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.

Cc: Joseph Proulx, Esq. (*via* ECF)

---

[4] By this letter, Plaintiff is not conceding that the documents in the privilege log are in fact privileged.

[5] Notably, documents disclosed by Defendant indicate numerous audio recordings are in their possession, and others may even be part of redacted portions. **Ex. D**.

[6] Critically, Defendant denied threshold FDCPA issues such as that Plaintiff is a "consumer", Defendant is a "debt collector", the subject financial obligation is a "debt", the subject debt collection letter is a "communication", and that Charter is a "creditor". See Section 1692a of the FDCPA; [ECF No. 6, ¶¶6, 9,25-27